Filed 2/22/16  P. v. Wilmot CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LARRY ARTHUR WILMOT,<br><br>    Defendant and Appellant. | 2d Crim. No. B257509<br>(Super. Ct. No. BA419714)<br>(Los Angeles County) |

A jury found Larry Arthur Wilmot, appellant, guilty of inflicting corporal injury upon a cohabitant in violation of Penal Code section 273.5, subdivision (a.)[1]  The court found true an allegation that in Texas appellant had been convicted of a serious or violent felony within the meaning of California's Three Strikes law.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)  The court sentenced appellant to the middle term of three years. Because of the prior strike, it doubled the term to six years.

Appellant does not dispute that the Texas conviction qualifies as a strike.  He contends that the People did not properly plead the strike.  As a result of this alleged defect, appellant argues that he was denied his due process right to fair notice that his sentence would be doubled pursuant to the Three Strikes Law.  The information alleged, "[An] executed sentence for a felony pursuant to this subdivision shall be served in state

---

[1] All statutory references are to the Penal Code.

prison pursuant to Penal Code section 1170(h)(3) in that [appellant] has suffered the following prior conviction(s) of a serious felony described in Penal Code section 1192.7 or a violent felony in Penal Code section 667.5(c) or is required to register as a sex offender . . . ."[2] The information described the prior conviction as a 1997 Texas conviction of aggravated sexual assault. The jury's verdict in the Texas case shows that appellant was found guilty of a "criminal attempt to commit the offense of sexual assault." Appellant also contends that if we determine that the 1997 Texas strike was properly pled and that there was no denial of due process, appellant contends that the trial court abused its discretion in denying his motion to strike the Texas conviction. We affirm.

*Facts*

Appellant and Denise H. had a romantic relationship and were living together in a trailer. One night they smoked crystal methamphetamine inside the trailer. When they awoke the following day, they started arguing because they had run out of crystal methamphetamine. Appellant told Denise H. that she "better get some or else."

During the argument, appellant held Denise H. by the hair and punched her three times in the face. She ran outside because she was scared. Her "forehead was hurting" and bruised. Appellant called her a bitch and yelled, "Denise, get your things. Get the hell out of here."

---

[2] Section 1170, subdivision (h)(3) provides, "Notwithstanding paragraphs (1) and (2), where the defendant (A) has a prior or current felony conviction for a serious felony described in subdivision (c) of Section 1192.7 or a prior or current conviction for a violent felony described in subdivision (c) of Section 667.5, (B) has a prior felony conviction in another jurisdiction for an offense that has all the elements of a serious felony described in subdivision (c) of Section 1192.7 or a violent felony described in subdivision (c) of Section 667.5, (C) is required to register as a sex offender pursuant to Chapter 5.5 (commencing with Section 290) of Title 9 of Part 1, or (D) is convicted of a crime and as part of the sentence an enhancement pursuant to Section 186.11 is imposed, an executed sentence for a felony punishable pursuant to this subdivision shall be served in state prison."

*The Texas Strike Was Properly Pled*

Appellant contends that the Texas strike cannot be used to double his sentence because it was not properly pled.  The Three Strikes law applies "if a defendant has been convicted of a felony and *it has been pled* and proved that the defendant has one or more prior serious and/or violent felony convictions."  (§ 667, subd. (c), italics added; § 1170.12, subd. (a), italics added; see also § 1170.12, subd. (c)(1) ["If a defendant has one prior serious and/or violent felony conviction . . . that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction"].)  A "prior serious and/or violent conviction of a felony" means a conviction of "[a]ny offense defined in subdivision (c) of section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state."  (§ 667, subd. (d)(1); § 1170.12, subd. (b)(1).)

The Texas strike was properly pled.  The information alleged that appellant had previously been convicted in Texas of "a serious felony described in Penal Code section 1192.7 or a violent felony described in Penal Code section 667.5(c)."  This allegation was sufficient even though it did not cite the specific Three Strikes statutes - section 667, subdivisions (b)-(i) and section 1170.12, subdivisions (a)-(d).  The Three Strikes law does not require the pleading of a prior strike by numerical reference to the Three Strikes statutes.  In regard to a similar pleading provision in the One Strike law of section 667.61, our Supreme Court stated: "[W]e do not here hold that the specific numerical subdivision of a qualifying One Strike circumstance under section 667.61, subdivision (e) necessarily must be pled."  (*People v. Mancebo* (2002) 27 Cal.4th 735, 753.)  The One Strike law provides that the existence of a qualifying circumstance must be "alleged in the accusatory pleading."  (§ 667.61, subd. (o).)[3]

---

[3] Section 667.61, "also known as the 'One Strike' law, . . . sets forth an alternative, harsher sentencing scheme for certain forcible sex crimes."  (*People v. Mancebo*, *supra*, 27 Cal.4th at p. 738.)  "The section applies if the defendant has previously been convicted of one of seven specified offenses, or if the current offense was committed under one or more specified circumstances."  (*Id*., at pp. 741-742.)

In any event, as we explain in the next part of this opinion, the information was informally amended to allege a prior serious or violent felony conviction within the meaning of the Three Strikes law. Furthermore, appellant has forfeited his claim that the Texas strike was not properly pled.

*Appellant Was Not Denied Due Process*

"[I]n addition to the statutory requirements that enhancement provisions be pleaded and proven, a defendant has a cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes." (*People v. Mancebo*, *supra*, 27 Cal.4th at p. 747.) The Three Strikes law "articulates an alternative sentencing scheme for the current offense rather than an enhancement. [Citations.]" (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 527.) But the fair notice requirement still applies. (See *People v. Houston* (2012) 54 Cal.4th 1186, 1227.)

The information fails to give appellant fair notice that his sentence will be doubled under the Three Strikes law. The information alleges that, because of the prior serious or violent felony conviction in Texas, "an executed sentence for a felony . . . shall be served in state prison pursuant to Penal Code section 1170(h)(3)." Appellant asserts that, in view of this lack of notice, his due process rights were violated when the trial court imposed a Three Strikes sentence.

We disagree. Before the trial began, appellant was put on notice that a true finding on the prior conviction allegation would render him subject to Three Strikes sentencing. During discussion of the plea bargain offered by the People, the trial court told appellant that he could be sentenced to "up to eight years in the state prison." The charged offense of violating section 273.5, subdivision (a) is punishable by "imprisonment in the state prison for two, three, or four years." (***Ibid***.) The court could impose an eight-year prison term only by doubling the four-year upper term pursuant to the Three Strikes law.

The court continued: "I have read your record. It's not a good one. In any event, the People have offered four years which cuts your exposure to half." "I am not striking the strike right now." "So I'm going to bring in the jurors unless you tell me you want to not take the chance and take the four-year offer. The minimum is two years. With a strike, it's doubled. You have just got too much in your record for me to strike it at this point." When appellant replied that he wanted to go to trial, the court asked defense counsel, "I assume there's a motion to bifurcate the strikes?" Counsel replied, "Yes, please, your honor."

Defense counsel never contested the trial court's assertion that his client was subject to Three Strikes sentencing. After appellant was convicted, counsel "request[ed] that the court exercise its discretion to dismiss the prior conviction *alleged as a strike in the Information* filed against [appellant]." (Italics added.) In view of the court's comments and counsel's conduct, we conclude that the information was informally amended to include an allegation of a prior serious or violent felony conviction within the meaning of the Three Strikes law. "The informal amendment doctrine makes it clear that California law does not attach any talismanic significance to the existence of a written information. Under this doctrine, a defendant's conduct may effect an informal amendment of an information without the People having formally filed a written amendment to the information. [Citation.]" (*People v. Sandoval* (2006) 140 Cal.App.4th 111, 133; see also *People v. Whitmer* (2014) 230 Cal.App.4th 906, 919-920 [" '[t]he proceedings in the trial court may constitute an informal amendment of the accusatory pleading, when the defendant's conduct or circumstances created by him amount to an implied consent to the amendment' "].)

Moreover, "[b]ecause [appellant] had notice of the sentence he faced and did not raise an objection in the trial court, he has forfeited [his] claim on appeal. [Citation.]" (*People v. Houston*, *supra*, 54 Cal.4th at p. 1228.) "A timely objection to the adequacy of the [prior conviction allegation] would have provided an opportunity to craft an appropriate remedy." (*Ibid*.) "[T]he court could have heard arguments on whether to permit the prosecutor to amend the [allegation]. (See § 1009 [trial court may permit

5

amendment . . . at any stage of the proceedings].)" (***Id***., at p. 1227, last brackets in original.)  "[T]he trial court here actually notified [appellant] of the possible sentence he faced before [the trial began], and [he] had sufficient opportunity to object" to the sufficiency of the prior conviction allegation.  (***Id***., at p. 1229.)

Under similar circumstances, our Supreme Court concluded that the defendant had forfeited his claim that, in violation of section 664, the indictment failed to allege that the charged attempted murders were willful, deliberate, and premeditated.  (*People v. Houston*, *supra*, 54 Cal.4th at pp. 1223-1225.)  At the time of the indictment, section 664, subdivision 1 provided, " 'The additional term provided in this section for attempted willful, deliberate, and premeditated murder shall not be imposed unless the fact that the attempted murder was willful, deliberate, and premeditated is charged in the accusatory pleading and admitted or found to be true by the trier of fact.' [Citation.]"  (***Id***., at p. 1225.)

*People v. Mancebo*, *supra*, 27 Cal.4th 735, is distinguishable.  There, our Supreme Court concluded that the defendant had not waived a claim of sentencing error by failing to object at the sentencing hearing to the trial court's unauthorized imposition of gun-use enhancements.  (***Id***., at p. 749, fn. 7.)  The enhancements were unauthorized pursuant to the One Strike law of section 667.61.  (***Id***., at p. 751.)  Unlike the instant case, the trial court in *Mancebo* did not notify the defendant before the trial began of the possible sentence he faced if convicted.  Instead, defendant was notified "for the first time at sentencing."  (***Id***., at p. 745.)  In addition, the gun-use enhancements had been properly pled and proved but, as a matter of law, could not be imposed because of the One Strike law.  (***Id***., at p. 749, fn. 7.)  Here, in contrast, there was no legal impediment to Three Strikes sentencing if the Texas strike had been properly pled and proved.

6

*The Trial Court Did Not Abuse Its Discretion in*

*Refusing to Strike the Prior Texas Conviction*

Appellant argues that the trial court erroneously denied his motion to strike the prior Texas conviction. "[A] court's [refusal] to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) In exercising its discretion, the court "must consider whether, in light of the nature and circumstances of [his] present felonies and prior serious and/or violent felony convictions, and the particulars of [his] background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, . . . and hence should be treated as though he . . . had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161; accord, *People v. Garcia* (1999) 20 Cal.4th 490, 503.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony, supra,* 33 Cal.4th at p. 377.)

The trial court did not abuse its discretion. Appellant has a lengthy criminal record and has failed to take advantage of opportunities for rehabilitation. In 1991 he was convicted of two counts of possessing a controlled substance for sale and sentenced to prison for five years in California. That same year, he was also convicted of inflicting corporal injury upon a spouse or cohabitant and battery with great bodily injury. He violated his parole once in 1994 and twice in 1995. In 1996 he committed the Texas strike as well as a kidnapping. In 1997 he was sentenced to prison in Texas for two years on the strike and 10 years on the kidnapping. In 2009 he was convicted of a sex registration violation. In 2010 he was convicted of misdemeanor second degree burglary. His commission of the current offense was triggered by an argument over crystal methamphetamine. The trial court noted that appellant was on probation at the time of the current offense and had failed to lead a "crime free life" since his 1997 Texas convictions. Accordingly, the court reasonably concluded that appellant did not fall

7

outside the "spirit" of the Three Strikes scheme.  (*People v. Williams, supra,* 17 Cal.4th at p. 161.)

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, J.


We concur:



GILBERT, P.J.



PERREN, J.

Clifford L. Klein, Judge

Superior Court County of Los Angeles

_____

Tomas K. Macomber, under appointment by the Court of Appeal, for Defendan and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, Tannaz Kouhpainezhad, Deputy Attorney General, for Plaintiff and Respondent.